O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMIN RANGEL, LUIS RODRIGUEZ, and I.R., a minor by and through his guardians ad litem JASMIN RANGEL and LUIS RODRIGUEZ; DOMINIQUE DIXON, and S.I., by and through his guardian ad litem DOMINIQUE DIXON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CHINO VALLEY UNIFIED SCHOOL DISTRICT, HAYMATTIE MOHAMED, ADRIENNE SMITH, LUKE HACKNEY, WAYNE JOSEPH,<br><br>　　　　Defendants.<br>_____ | Case No. EDCV 15-01218 DDP (DTBx)<br><br>**ORDER GRANTING PLAINTIFFS' PETITIONS FOR RELIEF FROM CALIFORNIA GOVERNMENT CODE § 945.4**<br><br>[Dkt. Nos. 4, 5.] |

　　　Presently before the Court are Plaintiffs' Petitions for Relief from California Government Code § 945.4. (Dkt. Nos. 4, 5.) After hearing oral argument and considering the parties' submissions, the Court adopts the following Order.

**I.　BACKGROUND**

　　　This civil rights and torts case by two minors through their guardian ad litems alleges that certain individuals teaching at a Chino Valley elementary school physically and verbally abused their

students, including the two minors here, who both have disabilities. (See generally Compl.) Plaintiffs have sued the Chino Valley Unified School District ("CVUSD"), teacher's aide Haymattie Mohamed, teacher Adrienne Smith, principal Luke Hackney, and Superintendent of CVUSD Wayne Joseph. (Id. ¶ 9-13.)

Plaintiffs allege both federal and state law claims based on the allegations of abuse the minors S.I. and I.R. suffered at the elementary school: violation of constitutional rights under § 1983; violations of the Americans with Disabilities Act; violation of § 504 of the Rehabilitation Act; violation of California Civil Code § 52.1; state law battery; state law intentional infliction of emotional distress; state law negligence; state law negligent supervision; state law violation of mandatory duty under California Penal Code §§ 11165.3 to 11165.9; violation of California's Unruh Civil Rights Act, Civil Code § 51; and violation of California's Education Code § 220.

Plaintiffs also each filed a Petition for Relief from California Government Code Section 945.4 with the Complaint. (Dkt. Nos. 4, 5.) Defendant CVUSD opposes these petitions.

**II. DISCUSSION**

In addition to their federal causes of action, Plaintiffs here have California state law claims against a state government entity, Chino Valley Unified School District ("CVUSD"). Thus, Plaintiffs are subject to the requirements of California's Government Tort Claims Act. Cal. Gov't Code § 810 et seq. Section 945.4 requires a prospective plaintiff to present a written claim to the public entity before filing a lawsuit for damages against that entity. Id. § 945.4. There are strict procedures for the claim process,

2

including specific factual content that must be in the claim and a time bar of six months for claims related to personal injury. Id. §§ 910, 911.2(a). Relevant here, section 910 requires the claim to include: "(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and "(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." Id. § 910(c), (d).

A claimant who fails to present a claim to a public entity in the six-month time period can submit a written application to the public entity for leave to present that late claim. Id. § 911.4(a). The application should be submitted to the public entity within a year of "the accrual of the cause of action." Id. § 911.4(b). The public entity has forty-five days to act on the application, otherwise it is deemed denied. Id. § 911.6(a), (c). The forty-five day time limit can be extended by agreement of the parties. Id. § 911.6(a). Additionally, certain situations are statutorily mandated for the public entity to grant the application, such as when "[t]he person who sustained the alleged injury, damage or loss was a minor during all of the time specified in section 911.2 for the presentation of the claim." Id. § 911.6(b)(2). That is, section 911.2 requires a claim to be presented within six months, but if the claimant is a minor during the six month period, then the public entity must grant the minor leave to present a late claim.

If an application for leave to present a claim is denied by the public entity (or deemed denied based on the entity's failure to act), then "a petition may be made to the court for an order

3

relieving the petitioner from Section 945.4." Id. § 946.6(a). Thus, the petition would excuse the party's failure to timely present a claim to the public entity before filing suit. Id. The statute also requires the petition to contain the same specific factual content that the claim and application were required to contain. Id. § 946.6(b). Lastly, the petition to the court must be filed within six months of the public entity's denial of the application. Id. § 946.6(c).

The petition should be filed in the California Superior Court where venue is proper to hear the underlying claim, but federal courts sitting in diversity jurisdiction have also heard these petitions because the claim statute is not jurisdictional and "[a] federal court properly exercises supplemental jurisdiction over state law claims transactionally related to federal claims." Perez v. City of Escondido, 165 F. Supp. 2d 1111, 1114-15 (S.D. Cal. 2001).

**A.   Petition from I.R.**

**1.   Plaintiffs' Petition**

On October 20, 2014, Plaintiff I.R. filed an application with CVUSD for leave to present a late claim. (Yarnykh Decl., Ex. 1, Dkt. No. 4-2, at 2 (Application).) The application stated that "[a] public entity must grant a late claim application when the claimant was a minor during the entire six month claims-presentation period, as long as the claimant applied for permission within a reasonable time (not to exceed one year) after the cause of action accrued." (Id. at 3 ¶ 1.) The application stated that the cause of action accrued more than six months prior to October 20, 2014, but less than a year, and that the claimant was a minor

4

during that time. (Id. ¶¶ 2-4.) Further, the application stated that from August to December 2013, I.R. was a student at a CVUSD school and in the classroom of an allegedly abusive teacher's aide. (Id. at 3-4 ¶ 6.) In December 2013, police officers came to I.R.'s home in connection to an investigation into abuse that a teacher's aide, Defendant Haymattie Mohamed, had allegedly committed. (Id. at 4 ¶ 7.) Thus, I.R.'s mother learned of the abuse in December 2013. (Id.)

In an attached claim explanation, I.R. also stated that during the August to December 2013 school period, "[I.R.] would come home with bruises, scratches, and other injuries, experience uncontrolled crying, and exhibit extreme fear of going to school." (Id. at 7 (Claim Attachment).) The attachment stated that the "full extent of the abuse suffered by claimant [I.R.] is unknown," particularly as I.R. was only about seven years old at the time and "has been diagnosed with autism and cerebral palsy, and has very limited communication skills." (Id.) I.R.'s mother attempted to contact CVUSD and police department authorities after the police visit in December 2013 to learn more about the investigation into the abuse at I.R.'s school, but she stated that she never received an adequate response, leading her to file the claim. (Id. at 10 (Rangel Decl.).)

On November 6, 2014, CVUSD sent a letter denying the late claim application and providing a notice of insufficiency on the claim as to the dates provided and the injury description. (Yarnykh Decl., Ex. 2, Dkt. No. 4-3.) The notice said that "the deficiencies should be corrected immediately." (Id.) On November 26, 2014, Plaintiffs' counsel provided CVUSD with an amended

application addressing the deficiencies alleged in the denial letter. (Yarnykh Decl., Ex. 3, Dkt. No. 4-4.) The attachment to the claim was amended to state:

> On or about December 12, 2013, officers of the Chino Hills Police Department came to [I.R.]'s parents' home in connection with their investigation of a CPS complaint against Mohamed who physically abused [I.R.]. A mandated reporter called CPS and stated that Mohamed yelled at [I.R.], and then grabbed his arm which made him cry and left a big bruise. The school did not report this incident to [I.R.]'s mother Jasmin Rangel, and she was unaware of the abuse suffered by her son until the police officers came to her home on December 12, 2013, the day this particular incident occurred.
>
> Jasmin Rangel noticed significant changes in [I.R.]'s behavior since August of 2013 when he was assigned to Smith and Mohamed's classroom. [I.R.] would come home with scratches, bruises and other injuries, and was afraid to go to school and would cry uncontrollably. [I.R.] is nonverbal and could not tell his mother what was happening to him at school.
>
> The full extent of the abuse suffered by [I.R.] is unknown. On information and belief, claimant alleges that he was exposed to physical, verbal and emotional abuse and neglect while in Smith's and Mohamed's care. The abusive conditions in the classroom have existed for a substantial period of time and were known to the responsible administrators of the Chino Valley Unified School District.

(Id. at 7 (Claim Attachment).)

On January 20, 2015, Plaintiffs received a second denial of the late claim application from CVUSD, which denied the amended application. (Yarnykh Decl., Ex. 4, Dkt. No. 4-5 ("Notice is hereby given that the Amended Application For Permission to Present Late Claim which you presented to the Chino Valley Unified School District on behalf of [I.R.], a Minor, on or about November 26, 2014 was denied on January 20, 2015.").) On January 15, 2015, prior to receiving this denial letter, Plaintiffs' counsel had emailed the responsible party at CVUSD regarding the amended application. (Yarnykh Decl., Ex. 5, Dkt. No. 4-6 (email).) The

email argued that under California Government Code section 911.6(b)(2), the permission to file a late claim must be granted because of the claimant's minor status. (Id.) Further, the email stated that because CVUSD had not responded to the November 26 amended application that the application would be deemed denied as of January 8, 2015. (Id.) The third party claim administrator for CVUSD emailed Plaintiffs' counsel back on January 21, 2015, stating that counsel would shortly receive a letter denying the amended application. (Yarnykh Decl., Ex. 6, Dkt. No. 4-7 (email).)

Therefore, on June 22, 2015, Plaintiffs filed their Complaint in this Court, along with a petition for relief from the requirement to present a timely claim to the public entity prior to filing suit, as required under California Government Code section 945.4.

### 2. Defendant's Opposition

Defendant CVUSD opposes the petition for I.R.'s claim to be excused from the procedural requirements of presenting a claim in the California code. (Opp'n, Dkt. No. 52.) CVUSD argues that the petition was untimely filed because it should have been filed on May 6, 2015, not June 22. (Id. at 1.) Further, CVUSD claims that the petition lacks certain required factual information. (Id.) Lastly, if the Court were to grant the petition, CVUSD claims that the state law claims against CVUSD should be limited to events and injuries that occurred "no earlier than October 20, 2013." (Id.)

First, CVUSD claims that I.R.'s petition is late because CVUSD denied I.R.'s application for leave to present a late claim on November 6, 2014. (Id. at 7.) According to CVUSD, there was no obligation for CVUSD to respond to the amended application.

7

Instead, at the very latest, the application should have been deemed denied by December 4, 2014, which was 45 days after the application was submitted and the date the statutory scheme sets for when an application is otherwise "deemed denied." (Id. at 7-8.) But since there was a formal denial of the claim on November 6, 2014, Plaintiffs had six months from that date to file a petition, which would be May 6, 2015.[1] (Id. at 9.) Instead, Plaintiffs waited until June 22, 2015, to file the petition at the same time as the complaint in this action. (Id.) Therefore, CVUSD claims the petition is time barred and must be denied. (Id.)

Additionally, CVUSD argues that I.R.'s petition lacks the information required by California Government Code § 946.6(b)(3), which in turn requires the petition to contain the information in section 910. (Id. at 9.) CVUSD states that the petition, application, and claim all failed to meet these requirements because they do not contain the date of the occurrence that gave rise to the claim and a general description of the injury. (Id.) Defendants argue the petition and application are also required to explain why the claim was not timely presented in the first instance, within 6 months of the injury occurring, and Plaintiffs failed to include that information as well. (Id. at 10.)

Further, CVUSD argues that the petition must be successfully and timely presented to a court of proper jurisdiction before a claim against a public state entity such as CVUSD can be allowed to go forward under California law. (Id. at 11-14.) In anticipation

---

[1] If the Court uses the December 4, 2014, date as the date of denial, the petition would still be untimely filed according to Defendants because it would be more than six months later when filed on June 22, 2015.

of Plaintiffs' argument that no petition is necessary in this case because CVUSD was required to grant the application to present a late claim, CVUSD cites a case that did require timely application and petitions to bring a cause of action against a state entity, J.M. v. Huntington Beach Union High School District, 240 Cal. App. 4th 1019 (2015), review granted and opinion superseded by 362 P.3d 431 (Cal. S. Ct. 2015). (Opp'n, Dkt. No. 52, at 11-14.) CVUSD acknowledges that J.M. is not valid law because the opinion has been vacated on the California Supreme Court's grant of the petition for review, but argues that the reasoning of the case should apply here and require timely presentation of a petition before the claims are allowed to go forward. (Id. at 13-14.)

Lastly, CVUSD argues that if the Court is inclined to grant the petition, then I.R. should be limited to alleging injuries from October 20, 2013, which is a year prior to when the application to file a late claim was filed on his behalf. (Id. at 15.) CVUSD states that the petitions describe strange behavior and injuries beginning in August 2013, but that I.R.'s parent did not do anything to investigate this until the police showed up at her house in December 2013. (Id. at 16.) Therefore, there was no excuse for failing to file an application earlier.

### 3. Plaintiffs' Reply

Plaintiffs maintain that because I.R. was a minor during the applicable claim time period, the mandatory provisions of California Government Code § 911.6(b)(2) apply here, which required CVUSD to grant the application and allow I.R. to present a late claim. (Reply, Dkt. No. 56, at 1.) Because CVUSD failed to do this both times I.R. presented the claim and application,

9

Plaintiffs claim they need not have petitioned the Court, and therefore the Court should grant the petition. (Id.) Plaintiffs argue that currently valid California law as set forth in the case E.M. v. Los Angeles Unified School District, 194 Cal. App. 4th 736 (2011), states that where an application is presented for leave to present a late claim and the relief is mandatory under section 911.6(b)(2), then the erroneous denial of the application satisfies the claim requirement in section 945.4. (E.M., 194 Cal. App. 4th at 747-48; Reply at 5.)

Plaintiffs also argue that the application to CVUSD in November 2014 was timely because it was within a year of I.R.'s mother learning of the facts that gave rise to the claim and because I.R. was subject to "a continuing pattern of abuse." (Reply at 6.) Jasmin Rangel never knew that the bruises and scratches on her son could have been signs of abuse, as she thought they were the result of I.R. playing with siblings and friends at school. (Id. at 2 (citing Yarnykh Decl., Dkt. No. 56-1, Ex. 6 (Police Report).) Further, those injuries were "too ambiguous" when dealing with a nonverbal, disabled child to determine that abuse was taking place at the school. (Id. at 7.) Thus, I.R.'s mother did not discover the continuing abuse until December 2013. According to Plaintiffs, this means that both of the applications in November 2014 were within a year of the accrual of the action, which is measured by the date of discovery of the abuse and includes the full continuation of the abuse.

Further, the petition to the Court was timely, Plaintiffs argue, because the last denial was on January 20, 2015, and the petition was filed on June 22, 2015, less than six months later.

10

(Id. at 1.) The only part of the application that was amended — and amended at the direction of CVUSD in the first denial letter — was the claim, which had deficiencies in the dates and description of the injuries. (Id. at 9.) Section 910.6(a) provides that a claim can be amended before the section 911.2 time period or before final action is taken by the public entity on the claim. Plaintiffs argue that they amended the claim as directed by CVUSD and the final action was the January 20, 2015 letter of denial. (Id. at 9-10.)

Additionally, Plaintiffs argue that the doctrine of equitable estoppel applies here to excuse any lateness of the petitions. (Id. at 11-12.) Plaintiffs claim that CVUSD should be estopped from arguing the petition was untimely because:

    (1)  CVUSD was on notice that I.R. sustained an injury at the hands of a classroom aide, and the facts, as Plaintiff knew them at the time, were presented to CVUSD in writing;

    (2)  in the initial notice of rejection of the Application, CVUSD included additional language about insufficiency of the claim and stated that it must be corrected immediately — obviously intending for I.R. to comply with the instructions, and I.R. had a right to believe that his action was anticipated and that CVUSD intended him to act and amend the claim;

    (3)  I.R. had no reason to believe that CVUSD will not honor his Application or the Amended Application and violate the mandatory language of the statute, as both were filed within a year of the accrual of action — at no time did I.R. suspect that CVUSD would hold him to the denial of the original Application as the date commencing the statute of limitations; [and]

    (4)  . . . in reliance on CVUSD's instructions, I.R. supplemented the information in his claim.

(Id.) Therefore, Plaintiffs argue that I.R. reasonably believed that the January 20, 2014 denial letter was the notice that began

his statute of limitations in presenting a petition and CVUSD should be equitably estopped from arguing otherwise.

Lastly, Plaintiffs argue that the petitions included all the required information under the relevant statutory sections, as did the applications and claims. (Id. at 12-13.)

### 4. Court's Analysis

First, the Court holds that the petitions, claims, and applications comply with the content requirements in the statutory scheme as set forth in section 910. The relevant dates (as known to Plaintiffs at that time) as well as I.R.'s injuries and the events that caused those injuries (again, as known to Plaintiffs at that time) were explained in sufficient detail in the papers provided to CVUSD at every step of the claim process, including in the total papers provided to the Court at the petition stage. Further, after providing notice that the claim as presented was deficient on two requirements, Plaintiffs amended their claim and provided more detail. Therefore, the Court holds that the substance of the petition, application, and claims were sufficient to put CVUSD on notice of the claim and to satisfy the statutory requirements.

Second, the Court holds that the petition to this Court was timely. Under E.M., it appears that the petition could be unnecessary because of the statutory requirement that a public entity, such as CVUSD, grant an application for leave to file a late claim for a minor claimant within a year of the accrual of the claim. Because CVUSD erroneously denied I.R.'s application, the court in E.M. appears to set forth the rule that petitioning the court is not required. The Court acknowledges that Defendant

12

challenges this understanding of the law based on the question presented on the petition for review to the California Supreme Court. Thus, the Court examined the actual timeliness of the petition and finds it was timely or else excused by equitable estoppel.

CVUSD's first denial of the application on November 6, 2014, directed I.R. to correct the noted deficiencies in the claim "immediately" in order for the claim to be considered. Thus, it is unclear why this date would be the applicable one for determining the statute of limitations — CVUSD instead put the Plaintiffs on notice that CVUSD would consider (and required) an amended claim. Plaintiffs filed an amended claim on November 26, 2014. Then, Plaintiffs' counsel communicated with the third party claims administrator via email in January 2015, with Plaintiffs receiving the formal denial of the application (with no noted deficiencies) on January 20, 2015. Thus, whether by equitable estoppel principles or the operation of the statute of limitations, January 20, 2015, is the date from which the Court calculates the timeliness of the petitions and finds that the petitions were timely filed less than six months later on June 22, 2015.

Therefore, for good cause shown, the Court grants I.R.'s petition for relief from the requirements of California Government Code § 945.4. The applications and claims were timely presented to CVUSD based on Plaintiffs' allegation of continued abuse since August 2013, Jasmin Rangel's discovery of the abuse in December 2013, and the presentation of the applications and claims in November 2014, which was within a year of Jasmin Rangel's discovery. The petition was timely as discussed above. The

explanation for the failure to present a timely claim — namely, the late discovery by Jasmin Rangel and the difficulty communicating with the school about the abuse investigation — is sufficient to show good cause.  Therefore, the claims against CVUSD are properly in this Court.

### B.  Petition from S.I.

#### 1.  Plaintiffs' Petition

On March 25, 2015, Plaintiffs' counsel sent CVUSD a letter with an application for permission to present a late claim attached.  (Yarnykh Decl., Ex. 1, Dkt. No. 5-2.)  The letter had the same assertion as I.R.'s letter regarding the claimant's minor status during the relevant time period and the statutory requirement to grant permission to present a late claim in that instance.  (Id. at 3-4 ¶¶ 1-4.)  Further, S.I. was alleged to be a student at the same school as I.R. with same teachers during the 2013 to 2014 school year.  (Id. at 4 ¶ 6.)  The application stated that around June 2, 2014, S.I.'s mother was notified by the school that S.I. had "fell and bumped his head" on the edge of his desk, but that S.I.'s mother did not believe the school because "the edges of the desks were rounded and the wound on [S.I.]'s forehead required stapling."  (Id. ¶ 7.)

The attachment to the claim stated that S.I. was also about seven to eight during the 2013 to 2014 school year and that S.I. "has been diagnosed with autism and has very limited communication skills."  (Id. at 7.)  The attachment further explained that prior to the June 2, 2014 incident, S.I.'s teacher, Defendant Adrienne Smith, had cut S.I. with her wedding ring and that since August 2013, when S.I. entered Smith's and Mohamed's classroom, S.I.

14

"would come home with scratches, bruises and other injuries, was afraid to go to school and would cry uncontrollably." (Id.) S.I. also "started to violently shake [his mother's] arms to get her attention, a behavior that he apparently modeled after Smith and Mohamed." (Id.) The claim stated that the full extent of the abuse and injuries were not known. (Id.)

On April 28, 2015, CVUSD denied the application. (Yarnykh Decl., Ex. 2, Dkt. No. 5-2, at 12.) Further, that same day, CVUSD sent a "Return of Untimely Claim," which told Plaintiffs' counsel that the claim was not presented within six months of the events of June 2, 2014, much less the allegations about abuse beginning in August 2013, and thus it was untimely and leave must be sought to file a late claim. (Yarnykh Decl., Ex. 3, Dkt. No. 5-2, at 14.)

Therefore, on June 22, 2015, Plaintiffs filed their Complaint in this Court, along with a petition for relief from the requirement to present a timely claim to the public entity prior to filing suit, as required under California Government Code section 945.4.

**2. Defendant's Opposition**

Defendant CVUSD also opposes this petition. (Opp'n, Dkt. No. 53.) Defendant argues that the petition does not contain the information required under the statutory scheme in section 910, which means it must be denied. (Id. at 1.) If the Court grants the petition, Defendant also requests that the state law claims be limited to any injuries that arose from March 25, 2014, onward. (Id.)

CVUSD argues that S.I.'s petition does not contain all the information required under California Government Code section

946.6(b)(3), which incorporates the requirements of section 910. (Id. at 6-7.)  Specifically, CVUSD argues that the petition does not provide CVUSD with the date of the events that gave rise to the claim or a general description of the injury underlying the claim. (Id.)  Further, the petition fails to provide an explanation for why the claim was not timely presented to the public entity (i.e., within six months).  (Id. at 6.)  Additionally, Defendant CVUSD incorporates its arguments described above that support its contentions that the petition process to a court is mandatory based on the vacated decision in J.M.  (Id. at 7-11.)

Lastly, CVUSD argues that S.I.'s claims — should the Court grant his petition — should be limited to those occurring no earlier than March 25, 2014.  (Id. at 11-13.)  S.I.'s application for leave to present a late claim was filed on March 25, 2015, and an application must be filed no later than one year from the date the injury occurred.  (Id. at 12.)  Thus, CVUSD argues that the allegations that injuries could have occurred beginning in August 2013 (the beginning of the 2013-2014 school year), must be struck from the state law claims because they were not timely presented to CVUSD in the March 2015 application and there is no explanation for S.I.'s failure to present those claims before March 2015.  (Id. at 12-13.)

### 3. Plaintiffs' Reply

Plaintiffs request that the Court grant S.I.'s petition, including the allegations from before March 2014, because the claim was timely presented to CVUSD and the petition includes all the necessary information.  (Reply, Dkt. No. 55, at 2, 8-9.) Plaintiffs also reiterate that under the law as explained in E.M.,

16

no petition is necessary here because CVUSD improperly denied the minor claimant's application. (Id. at 3-5.)

According to Plaintiffs, S.I.'s mother, Dominique Dixon, had no reason to believe her son's injuries or behavioral issues prior to June 2, 2014, were due to abuse at the CVUSD school. (Id. at 2.) On June 2, 2014, S.I. was injured at school, requiring forehead staples, and Dixon was told that it was due to S.I. bumping his head on his desk. (Id.) Dixon did not believe this explanation of the injury because the desk had round edges. (Id.) Thus, Plaintiffs argue that the claim accrued upon S.I.'s mother discovering on June 2, 2014, that her son sustained injuries caused by abuse at the school that could relate to his behavioral issues and injuries since the beginning of the school year in August 2013. (Id. at 2, 5-7.) As was argued with I.R., Plaintiffs claim there was a continuation of S.I.'s abuse from August 2013 until his mother's discovery of the abuse on June 2, 2014; thus, under both the continuing abuse and delayed discovery doctrines, the presentation of the claim was timely because it was within a year of discovery. (Id. at 5-7.)

Plaintiffs also claim that this petition is timely because it was filed within six months of CVUSD denying S.I.'s application for leave to present a late claim. (Id. at 7-8.) CVUSD denied the application on April 28, 2015, and the petition was filed in this Court on June 22, 2015, which is less than two months later. (Id. at 7.) The petition also explains why the application for a late claim was filed: S.I.'s mother had no reason to know until June 2, 2014, that her son was abused by someone at school and that after June 2, 2014, she investigated the issue and filed the application.

17

(Id. at 7-8; Yarnykh Decl., Dkt. No. 55-1, Ex. 1 at 3-4 ¶¶ 1-8 (Application).)

Lastly, Plaintiffs argue that the petition does comply with the statutory content requirements in section 910. (Reply, Dkt. No. 55, at 8-9.) The petition includes the application and claim, which include the relevant dates, general description of the injury, and explains why the claim was not timely presented. (Id.) Additionally, Plaintiffs argue that CVUSD's letters of denial to S.I.'s claim and application did not include a notice of deficiency. (Id. at 9.) Therefore, Plaintiffs argue that they were not on notice that the claims were deficient in any way and, thus, CVUSD has waived the issue. (Id.)

### 4. Court's Analysis

First, the Court finds this petition timely under California's statutory scheme. Less than six months passed between the denial of the application to present a late claim and the filing of a petition in this Court. The application was also sent to CVUSD within a year of Dominique Dixon becoming aware of the facts giving rise to the claim. Therefore, the petition is not time barred.

Second, the Court holds that the petition and the included application and claim contain all the required information under section 910. Specifically, the petition states the dates that the injuries occurred on to the best of S.I.'s mother's knowledge (June 2, 2014, and then perhaps continuing back throughout the 2013-2014 school year); states a general description of S.I.'s injuries as described above; and explains why the claim was presented late (S.I.'s minor status and limited ability to communicate; S.I.'s mother's investigation into the abuse after S.I.'s forehead

18

injury). All of the papers taken as a whole present to the Court and CVUSD the facts necessary to know what claim is being presented and satisfy the statutory requirements.

Lastly, because there are allegations and sufficiently pled facts of S.I. suffering continuing abuse and the delayed discovery of that abuse by S.I.'s parent, the Court will not limit as a matter of law the allegations to those injuries that occurred no earlier than March 25, 2014. Therefore, for good cause shown, the Court grants S.I.'s petition for relief from California Government Code § 945.4. S.I.'s claims are properly in this Court.

**IV. CONCLUSION**

For all the reasons discussed above, the Court GRANTS Plaintiffs' Petitions.

IT IS SO ORDERED.

Dated: May 9, 2016

DEAN D. PREGERSON
United States District Judge