UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 15-1218-DDP (KKx)** | Date: | July 5, 2017 |
| Title: | *Jasmin Rangel, et al. v. Chino Valley Unified School District, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Granting Plaintiff's Motion to Compel [Dkt. 84]


On June 8, 2017, Plaintiff Jasmin Rangel filed a Motion to Compel seeking production of documents allegedly responsive to Request for Production Nos. 6 and 8 that were withheld by Defendant Chino Valley Unified School District ("Motion to Compel"). ECF Docket No. ("Dkt.") 84. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED.

I.
**BACKGROUND**

On June 22, 2015, Plaintiffs Jasmin Rangel, Luis Rodriguez, I.R., a minor by and through his guardians ad litem Jasmin Rangel and Luis Rodriguez, Dominique Dixon, and S.I., a minor by and through his guardian ad litem Dominique Dixon (collectively, "Plaintiffs") filed a Complaint against Defendants Chino Valley Unified School District (the "District"), teacher's aide Haymattie Mohamed, teacher Adrienne Smith, principal Luke Hackney, and Superintendent of the District Wayne Joseph (collectively, "Defendants") alleging I.R. and S.I. were physically and verbally abused by their teachers at Country Springs Elementary School on December 6, 2013 and June 2, 2014. Dkt. 1, Compl.

On February 24, 2016, Plaintiff served Requests for Production of Documents, Set One, on the District. Dkt. 84-6, Declaration of Anne McWilliams ("McWilliams Decl."), ¶ 7, Ex. 5. On April 11, 2016, the District served responses to Plaintiff Rangel's Requests for Production.

Id. ¶ 7. On January 17, 2017, the District served supplemental responses to the Requests for Production and produced further documents. Id. at Ex. 4. Defendant withheld fourteen pages from production and produced a "privilege log" describing the documents. Id. ¶ 13; Dkt. 84-1, Declaration of Zoya Yarnykh ("Yarnykh Decl."), ¶ 2, Ex. A. In an email to Plaintiffs' counsel accompanying the January 17, 2017 production, Defendants' counsel explained the documents were withheld because "they encompass matters unrelated to either of the two incidents alleged by Plaintiffs and cover a time that is more than 6 years before the single incidents involving Minor I.R. and Minor S.I." McWilliams Decl., ¶ 15.

On May 3, 2017, Plaintiffs' counsel sent Defendants' counsel a letter requesting to meet and confer regarding alleged deficiencies in the District's responses to the Requests for Production. Id. at Ex. 6. On May 11, 2017, Defendants' counsel responded to Plaintiffs' counsel's May 3, 2017 letter objecting to production of the documents because the Requests for Production seek documents encompassing a time period beginning six years before the incident with I.R. and continuing until three years after the incident. Id. at Ex. 7. On May 19, 2017, counsel met and conferred telephonically. Id. ¶¶ 18-19.

On June 8, 2017, Plaintiff Rangel filed the instant Motion to Compel and Joint Stipulation pursuant to Local Rule 37-2. Dkt. 84. On June 19, 2017, Plaintiff Rangel filed a supplemental brief in support of the Motion to Compel. Dkts. 85, 86. The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Therefore, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

A response to Requests for Production "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

## III.
## DISCUSSION

### A. THE REQUESTS FOR PRODUCTION

#### 1. Request for Production No. 6

"Any and all WRITINGS relating to any complaints of any kind made against Adrienne Smith by any parents of a student from the beginning of her employment with [the District]." JS at 9.

#### 2. Request for Production No. 8

"Any and all WRITINGS relating to any complaints of any kind made against Adrienne Smith by [the District's] employees, from the beginning of her employment with [the District]." JS at 12-13.

#### 3. The District's Objections

In its supplemental responses, the District stated it had eleven pages that were potentially responsive to Request for Production No. 6 and three pages that were potentially responsive to Request for Production No. 8. JS at 11, 15. The District objected to production of the fourteen pages on the following grounds: (1) the requests are not relevant or proportional to the allegations in the Complaint; (2) the documents "involve persons who are not parties or witnesses in this case," and relate "to matters that have no connection . . . in time or scope to the single, isolated incidents involving Minor I.R. (December 6, 2013) or Minor S.I. (June 2, 2014)"; (3) production would violate the constitutional privacy rights of Defendant Smith and "unrelated third parties, including minors"; (4) the identities of non-party and non-witness students and parents, "are or should be protected under the Family Educational Rights and Privacy Act ["FERPA"] and/or the Individuals with Disabilities and Education Act"; and (5) Defendant Smith's records are protected under a Collective Bargaining Agreement and she has not consented to the production. JS at 11-12, 15-16. Notably, the District does not object to production on the basis of any attorney-client or attorney work product privileges. Id. Nevertheless, the District provided a "privilege log" describing the documents being withheld. Yarnikh Decl., Ex. A. The "privilege log" states eleven pages are dated between May and September 2012, while three pages are undated. Id.

B.    ANALYSIS

      While the scope of the requests as written is broad, it does not appear production would be unduly burdensome in that Defendants have already located and identified a limited number (i.e. fourteen pages) of responsive documents.  Defendants argue the Court should not consider the privilege log until after ruling on the scope of the requests.  JS at 27.  Defendants' argument is nonsensical because (a) the "privilege log" is not actually a privilege log, but rather merely a description of documents withheld on the basis of various relevance and privacy objections; and (b) Defendants have already searched for and created a log of the relevant documents.  The case Defendants cite involves determining whether a party waived a privilege objection by failing to include the document at issue in a privilege log.  United States v. Philip Morris Inc., 347 F.3d 951, 954 (D.C. Cir. 2003).  The court noted, "if a party's pending objections apply to allegedly privileged documents, the party *need not* log the document until the court rules on its objections."  Id. (emphasis added).  However, here, Defendants did log the documents at issue.  Accordingly, there is no reason the Court should not consider the additional information provided by Defendants in the "privilege log", such as the number of pages and dates of the documents, in determining the relevance and proportionality of the requested production.

      Here, the incident with I.R. occurred on December 6, 2013 and the incident with S.I. occurred on June 2, 2014.  See Compl.  Therefore, complaints from students or other teachers from the prior school year, May to September 2012, could be relevant if they put the District on notice of a problem with Defendant Smith.  Hence, the Court finds the withheld documents may be relevant to Plaintiffs' claims.

      In addition, "FERPA does not create an evidentiary privilege . . . documents covered by FERPA are indeed discoverable in the context of a civil action."  Nichols v. Univ. of S. MS, No. CIV A 2:08-CV-128-KS-MTP, 2009 WL 1565749, at *1 (S.D. Miss. June 1, 2009) (quoting Garza v. Scott & White Mem'l Hosp., 234 F.R.D. 617, 624 (W.D. Tex. Nov. 14, 2005)).  Therefore, Defendants' argument that the documents should be withheld because they are protected by FERPA is meritless.  Finally, the privacy of non-parties is adequately protected by the Protective Order already issued in this case.[1]  See Dkt. 42.

///
///
///
///

---

[1] While the District objected to producing the documents because they may be protected by a Collective Bargaining Agreement, the District abandons this argument in its opposition to the Motion to Compel.  See L.R. 7-12 (a party's failure to oppose a motion may be deemed consent to the granting of the motion).  In addition, Defendant Smith has already consented to production of her entire personnel file subject to the Protective Order.  JS at 12.  Therefore, the District's objection is overruled.

# IV.
# CONCLUSION

Based upon the foregoing reasons and Defendant's failure to file a timely opposition, **IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Compel is **GRANTED**[2]; and

(2) *Within ten (10) days of the date of this Order*, the District shall produce the fourteen pages of documents responsive to Plaintiff Rangel's Requests for Production Nos. 6 and 8 pursuant to the terms of the stipulated Protective Order.

---

[2] Plaintiff has not sought sanctions or an award of expenses in connection with the Motion to Compel. However, the Court cautions the parties that sanctions are generally mandatory where the motion is granted, or denied in its entirety. Fed. R. Civ. P. 37(a)(5)(A) and (B). Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (e.g., Local Rule 37-1's requirement of an adequate pre-filing conference of counsel). Local Rule 37-4.